SCHOOL DISTRICT ELECTOR — RESIDENCY REQUIREMENT In accordance with the provisions of 70 O.S. 1-15 [70-1-15] (1970), a school district elector is required to be registered in the county in which he resides in order to vote in a school district election and not the precinct, but must satisfy the twenty day school district residency requirement to be a qualified elector. If said elector allows his registration to expire, he thereby becomes ineligible to vote in said school district election. The Attorney General has considered your letter of February 2, 1971, wherein you ask the following questions: "1. In order to vote in a school district election, is the elector required to be registered in the precinct in which he resides? "2. Is an elector eligible to vote in a school district election if his registration has expired and he is not in good standing with the election board?" ANALYSIS AND DISCUSSION: THIS OPINION PERTAINS TO SCHOOL ELECTION LAWS ONLY PURSUANT TO THE PROVISIONS OF TITLE 70 OF THE OKLAHOMA STATUTES. Title 70 O.S. 1-15 [70-1-15] (1970), provides in part as follows: "A school district elector, qualified to vote in any school district election, is any person who has resided in the district for at least twenty days and who possesses the qualifications of electors as defined by the Constitution and Laws of the State. . ." (Emphasis added) The Constitution and Laws of the State of Oklahoma concurrently provide that an elector must have resided in the State at least six months, in the County two months, and in the election precinct twenty days, next preceding the election at which the elector offers to vote. An "election precinct" is nothing more than a division of a town, county or other political or public entities for election purposes, and a "school district" is such a "public entity", Anderson, et al. v. Crow, et al.,260 S.W.2d 227 (C.C.A. Tex. 1953). In Anderson, petitioners challenged the validity of a school district election whereby the Board of Trustees had established only one (1) voting place within the district. In upholding the election, the Court, at page 234, said: "Absent any statute providing for the division of the district into smaller precincts, the whole district is necessarily the precinct. The words `precinct' and `district' are often used interchangeably in election law." (Emphasis added) A 1965 amendment to 70 O.S. 1-15 [70-1-15] (1970), substituted twenty days for thirty days in the statute's first sentence, obviously to conform to the constitutional requirement of twenty days residency in the "election precinct" or "school district" next preceding the election. A 1961 amendment to Section 1-15 provides as follows: ". . .All persons shall be required to be registered with the County Election Board of the County in which such person resides in order to vote in any school or school district election . . ." (Emphasis added) Your attention is directed to Attorney General Opinion No. 66-184 (April 20, 1966) wherein it is stated that: "With the exception of the requirement that a person voting in a school election must be registered in the same manner as a person voting in any other election, the general election laws have no application to the conduct of school district elections. Said elections are governed by the provisions of Title 70 of the Oklahoma Statutes." (Emphasis added) Because school district election laws are, therefore, distinct and apart from general election laws, it is logical that the twenty-day school district residence requirement substitutes for the twenty-day election precinct residence requirement in school district elections whereby such elections are not ordinarily conducted pursuant to general election precinct boundaries. Further, the registration requirement specifically requires the school district elector to be registered in the county in which he resides, and not the precinct." Accordingly, if an elector has allowed his registration to expire, then said elector clearly does not comply with the registration requirement, and thereby, is not qualified to vote in any school district elections. OPINION: It is, therefore, the opinion of the Attorney General, that Question No. 1 be answered in the negative. Pursuant to the provisions of 70 O.S. 1-15 [70-1-15] (1970), a school district elector is required to be registered only in the county in which he resides and not the precinct, but must satisfy the twenty-day school district residency requirement to be a qualified elector. Further, it is the opinion of the Attorney General that Question No. 2 be answered in the negative. If a school district elector has allowed his registration to expire, he clearly fails to meet the requirement delineated in 70 O.S. 1-15 [70-1-15] (1970), and is thereby ineligible to vote in the school district election. (Larry L. French)